FELIPE HERNÁNDEZ y MARGARITA CERICH, ETC., demandantes y recurridos, *v.* CARMELO FONSECA y ESTADO LIBRE ASOCIADO DE PUERTO RICO, demandados y recurrentes.

*Número:* R-62-310      *Resuelto:* 5 de diciembre de 1968

*J. B. Fernández Badillo, Procurador General, J. F. Rodríguez Rivera, Procurador General Interino, Jenaro Marchand y Américo Serra, Procuradores Generales Auxiliares,* abogados de los recurrentes; *César Andréu Ribas,* abogado de los recurridos.

Sala Primera integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Blanco Lugo, Rigau y Ramírez Bages.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

El Tribunal Superior, Sala de San Juan, dictó sentencia en 26 de noviembre de 1962, condenando a Carmelo Fonseca y al Estado Libre Asociado de Puerto Rico, a pagar a los demandantes, en concepto de daños y perjuicios la suma de $5,500.00, luego de formular las siguientes

*"Determinaciones de Hecho*

Que el día 1 de enero de 1960 el demandado Carmelo Fonseca era policía estatal prestando servicios como tal, dentro del término municipal de la ciudad de San Juan, Puerto Rico.

Que ese mismo día entre 12:30 a 1:00 de la madrugada se dirigían a su casa la menor demandante María del Carmen Hernández Cerich acompañada de su hermana y su prima por la calle de la Tanca, acera izquierda, y cuando ya habían pasado la calle de la Luna se le aproximó a ellos corriendo un muchacho que huía por el lado izquierdo de la calle seguido del policía demandado Carmelo Fonseca. El perseguido huía a una distancia como de 10 pies delante del policía y cuando el demandado Fonseca iba acercándose a la demandante y sus familiares, disparó un tiro de revólver que llevaba en las manos contra el perseguido yendo la bala a alojarse en el brazo izquierdo de la joven. Al decirle su hermana al policía que había herido a ésta, sin detenerse le contestó 'que la llevaran a curar'.

El Sr. Alejandro Meléndez Rivera quien bajaba por la calle de la Tanca al ver la joven herida y sangrando la llevó a curar a la Sala de Socorro de la Calle la Luna, mientras su esposa seguía con la otra niña a la casa de ésta para avisarle a los padres de lo sucedido. No pudiendo curarla en la Sala de Socorro, al llegar la patrulla de la policía siguieron con ella al Hospital Municipal de Santurce, donde le dieron la primera asistencia y donde estuvieron hasta las 4:30 de la mañana llevándole luego a su casa y quedando citada para volver al día siguiente.

Que el perseguido llamado Ramón Collazo López trató de asaltar para robarle un reloj a Andrés Colón Sánchez y al éste señalarle el individuo al policía, éste salió corriendo por la calle la Tanca para arriba y el policía en su persecución, pero al llegar el muchacho a la esquina de la calle Tanca y Sol éste tropezó, se cayó al piso y el policía lo agarró.

Que con anterioridad al darle alcance, Ramón Collazo sacó un cuchillo para hacerle frente al policía por lo que fué acusado de los delitos de Tentativa de Robo y Portar Arma fijándosele fianza de $1,500.00 y $1,000.00 respectivamente ordenándose su ingreso en la cárcel.

Que la bala disparada por el revólver del policía hirió a la menor María del Carmen Hernández Cerich, en el brazo izquierdo, fracturándole el proceso coronoide del hueso radius cerca del codo e hiriéndole los tejidos blandos de dicho brazo, estando aún en la actualidad la bala incrustada en dicho brazo. Que la menor demandante tuvo su brazo enyesado desde la tercera falange de los dedos de la mano izquierda hasta la tercera parte del brazo por un período de mes y medio en que se le

removió el yeso. Debido a este accidente se vió precisada a dejar sus estudios de enfermera en la Clínica Pavía donde le pagaban $20.00 mensuales." (Autos 40–41)

Además de las conclusiones de hecho antes transcritas, surge de la prueba elevada a este Tribunal, en forma incontrovertible, que cuando el policía Fonseca perseguía al muchacho, éste se detuvo y sacó un cuchillo con intención de agredir al policía y fue entonces que éste hizo uso de su revólver haciéndole el disparo que fue a herir a María del Carmen Hernández.

Sostiene el Procurador General que la sentencia es errónea por basarse la misma en una causa de acción no autorizada por la Ley Núm. 104 de 29 de junio de 1955.

El Art. 2 de la referida Ley Núm. 104, dispone:

"Artículo 2.—Se autoriza demandar al Estado Libre Asociado de Puerto Rico, ante el Tribunal de Primera Instancia de Puerto Rico por las siguientes causas:

(a) Acciones por daños y perjuicios a la persona o a la propiedad hasta la suma de $15,000 causados por acción u omisión de cualquier funcionario, agente o empleado del Estado, o cualquier otra persona actuando en capacidad oficial y dentro del marco de su función, cargo o empleo interviniendo culpa o negligencia.

(b) .      .      .      .      .      .      .      .

(c) .      .      .      ." (32 L.P.R.A. sec. 3077.)

La ley contiene varias excepciones consignadas en su Art. 6 siendo pertinente a los hechos de este caso la del apartado (d). Dispone así:

"Artículo 6.—Nada en las secs. 3077 a 3084 de este título ni en la sec. 5142 del Título 31 autoriza las acciones por daños y perjuicios contra el Estado por acto u omisión de un funcionario, agente o empleado:

(a) .      .      .      .      .      .      .      .

(b) .      .      .      .      .      .      .      .

(c) .      .      .      .      .      .      .      .

(d) constitutivo de acometimiento, agresión u otro delito contra la persona, encarcelación ilegal, arresto ilegal, persecución maliciosa, calumnia, libelo, difamación y falsa representación e impostura." (32 L.P.R.A. sec. 3081.)

Este estatuto ha sido objeto de interpretación por este Tribunal en varias ocasiones. En beneficio de la brevedad nos referiremos a algunas de estas decisiones.

En *Meléndez* v. *E.L.A.*, 81 D.P.R. 824 (1960), un miembro de la Guardia Nacional de Puerto Rico, conduciendo negligentemente un vehículo de motor ocasionó la muerte de una persona. Dijimos en dicho caso que no fue la intención de la Legislatura, al aprobar el inciso (d) de la Ley Núm. 104 mantener la inmunidad del Estado contra reclamaciones de daños ocasionados por los actos descuidados y negligentes de sus funcionarios, agentes o empleados. "Más bien lo que quiso hacer fue conservar la inmunidad del Estado contra litigios originados por aquellos actos torticeros cometidos deliberada o intencionalmente por sus funcionarios, agentes o empleados." Y agregamos que el homicidio involuntario no es uno de esos actos cuando se causa la muerte "al realizarse un acto legal que pudiere ocasionar muerte en forma ilegal, o sin la debida prudencia o circunspección." Esta doctrina fue ratificada en *Vda. de Valentín* v. *E.L.A.*, 84 D.P.R. 112 (1961).

En *Montes* v. *Fondo del Seguro del Estado*, 87 D.P.R. 199 (1963), resolvimos que el consentimiento dado por el Estado Libre Asociado para ser demandado a tenor con el Art. 2(a) de la Ley Núm. 104 está condicionado a que tal acto no constituya delito en que la intención sea un elemento esencial y que el practicar una intervención quirúrgica en una persona sin su consentimiento—si bien puede considerarse técnicamente como un acometimiento y agresión—no constituye el delito de acometimiento y agresión castigable por el Código Penal por carecer del elemento esencial de la intención. Se sostuvo la responsabilidad del Estado, distin-

guiéndolo del caso de *Báez Vega* v. *E.L.A.*, 87 D.P.R. 67 (1963).

Los hechos del caso de *Báez*, supra, son los que más similitud guardan con los del presente recurso. Sin embargo en el caso de *Báez* concluimos que la actuación del policía Flores al dispararle innecesariamente a un estudiante que huía constituyó un acto de acometimiento y agresión pues los estudiantes no estaban armados, ni la vida del conserje ni la del policía corrían riesgo de grave daño corporal y que el policía les disparó sin pensar. Por el contrario aquí la persona que era perseguida por el policía se detuvo y sacó un cuchillo con intención de agredir al agente. Fue entonces que éste le hizo un disparo, según su testimonio, con intención de amedrentarlo. Aunque ésa no hubiera sido la intención del policía al hacer el disparo, su actuación no constituiría un delito de acometimiento. Bajo la doctrina de la intención implícita o transferida, tampoco podríamos considerar que el policía realizó un acometimiento y agresión contra María del Carmen Hernández.

No dudamos de que al hacer el disparo medió negligencia de parte del policía en vista de la situación allí existente, pudiendo apercibirse de que por aquella calle caminaban personas que podían ser víctimas, como lo fue una de ellas, del disparo hecho y no apareciendo que esta actuación fuera absolutamente necesaria para lograr el arresto.

Estos hechos no cubren la inmunidad del Estado bajo la susodicha Ley Núm. 104. *Debe por lo tanto, confirmarse la sentencia que condenó al Estado Libre Asociado de Puerto Rico, a resarcir los daños y perjuicios sufridos por los demandantes-recurridos.*