ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| JULIO E. GIL DE LAMADRID DE JESÚS<br>Parte Peticionaria<br><br>V.<br><br>CENTRO DE RECAUDACIONES DE INGRESOS MUNICIPALES (CRIM) Y OTROS<br>Parte Recurrida | KLCE202301268 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Caso Núm.<br><br>BY2023CV04804 (Sala 702)<br><br>Sobre:<br><br>Injunction Preliminar, Injunction Permanente |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Rivera Torres y la Jueza Rivera Pérez.

Rivera Pérez, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 30 de noviembre de 2023.

Comparece la parte demandante-peticionaria, el Sr. Julio E. Gil De Lamadrid De Jesús mediante un recurso de *Petición de Certiorari Civil Urgente* y nos solicita la revisión de la *Orden* emitida el 7 de noviembre de 2023 y notificada el 8 de noviembre de 2023 por el Tribunal de Primera Instancia, Sala Superior de Bayamón (en adelante, TPI). Mediante este dictamen, el TPI denegó la solicitud de la parte peticionaria para que se le anotara la rebeldía a la parte demandada-recurrida Centro de Recaudación de Ingresos Municipales (en adelante, CRIM).

Por los fundamentos que expondremos a continuación, se deniega la expedición del recurso de *Certiorari.*

**I**

Número Identificador

RES2023_____

El 30 de agosto de 2023, la parte peticionaria presentó una *Solicitud de Injunction* en contra del CRIM.[1] El 5 de septiembre de 2023, el CRIM fue debidamente emplazado.[2]

El 7 de noviembre de 2023, la parte peticionaria presentó un *Escrito en Solicitud de Anotación de Rebeldía; Informando Consignación y que se Resuelva la Solicitud de Sentencia.*[3] En síntesis, la parte peticionaria solicitó que se le anotara la rebeldía al CRIM por no haber presentado una alegación responsiva dentro del término legal establecido para ello; y que se procediera a dictar sentencia en rebeldía en su contra.

El 7 de noviembre de 2023, notificada el 8 de noviembre de 2023, el TPI emitió la *Orden* recurrida, mediante la cual denegó la solicitud de la parte peticionaria para que se le anotara la rebeldía al CRIM; y le concedió un término final de quince (15) días al CRIM para presentar una alegación responsiva.[4]

En esa misma fecha, la parte peticionaria presentó un *Escrito en Solicitud de Reconsideración*, el cual fue declarado No Ha Lugar por el TPI mediante una *Resolución* emitida y notificada ese mismo día.[5]

Inconforme con dicha determinación, la parte peticionaria acudió ante nos el 13 de noviembre de 2023 mediante el presente recurso de *Petición de Certiorari Civil Urgente*, en el que señala el error siguiente:

> Erró el TPI al conceder un término adicional a la parte recurrida sin que la misma haya realizado comparecencia alguna, término que es improrrogable a tenor con la Regla 10.1 de Procedimiento Civil vigente.

---

[1] Véase, Apéndice 1 de la *Petición de Certiorari Civil Urgente*, págs. 1-3.
[2] Véase, Apéndice 2 de la *Petición de Certiorari Civil Urgente*, págs. 4-6.
[3] Véase, Apéndice 3 de la *Petición de Certiorari Civil Urgente*, págs. 7-11.
[4] Véase, Apéndice 4 de la *Petición de Certiorari Civil Urgente*, págs. 12-14.
[5] Véase, Apéndices 5 y 6 de la *Petición de Certiorari Civil Urgente*, págs. 15-17 y 18-19.

Ese mismo día, el CRIM presentó una *Moción de Desestimación al Amparo de la Regla 10.2 de Procedimiento Civil.*[6] En su escrito el CRIM solicitó la desestimación de las causas de acción por entender que no se cumplen con los requisitos del Injunction preliminar y permanente ni con los requisitos para dictar una sentencia declaratoria ante la ausencia de un daño irreparable y un remedio adecuado en ley.[7]

El 15 de noviembre de 2023, emitimos *Resolución* en la cual se le otorgó a la parte recurrida hasta el 28 de noviembre de 2023 para presentar su oposición. En cumplimiento con lo ordenado, la parte recurrida presentó su *Oposición a Petición de Certiorari.*

Contando con el beneficio de la comparecencia de las partes, procedemos a resolver.

## II

### A.

El recurso de *certiorari* es "un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior." *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012). Véase, además, *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009); *García v. Padró,* 165 DPR 324, 334 (2005). En el ámbito judicial, el concepto discreción "no significa poder para actuar en una forma u otra, haciendo abstracción del resto del Derecho." *IG Builders et al. v. BBVAPR,* supra, pág. 338. La discreción, "es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera." *Torres González v. Zaragoza Meléndez,* 2023 TSPR 46, 211 DPR ___ (2023); *800 Ponce de León v. AIG,* supra, a la pág. 174.

---

[6] Véase, entrada Núm. 20 del expediente digital del Caso Núm. BY2023CV04804 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[7] *Id.*

En el caso particular del Tribunal de Apelaciones, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita los asuntos interlocutorios que podemos revisar mediante un recurso de *certiorari*, bajo el entendimiento de que estos pueden esperar hasta la conclusión del caso para ser revisados en apelación. *IG Builders et al. v. BBVAPR*, supra, pág. 337. Al respecto, la Regla 52.1 de Procedimiento Civil, *supra*, dispone específicamente que el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de Procedimiento Civil, 32 LPRA Ap. V, R. 56 y 57, o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. *Íd*. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. *Íd*.

A su vez, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, establece los criterios que el Tribunal de Apelaciones deberá tomar en consideración al determinar si procede la expedición de un recurso de *certiorari* o de una orden de mostrar causa. Estos son:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más

indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia." Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*

**B.**

La Regla 10.1 de Procedimiento Civil establece los términos que ostenta un demandado para contestar una reclamación en su contra. En reclamaciones contra el Estado el referido estatuto dispone específicamente lo sigue:

> [...]
> Cuando el Estado Libre Asociado de Puerto Rico y los municipios, sus funcionarios(as) o una de sus instrumentalidades, excluyendo a las corporaciones públicas, sean parte de un pleito, cualquier parte notificará su contestación a la demanda, su contestación a una demanda contra coparte en su contra o su réplica a una reconvención, dentro del término improrrogable de sesenta (60) días de habérsele entregado copia del emplazamiento y la demanda. 32 LPRA Ap. V, R. 10.1.
> [...] (Énfasis nuestro).

Por otro lado, se ha establecido que para poder determinar que un plazo es jurisdiccional, el legislador debe establecer claramente que su intención fue imponerle esa naturaleza. *Rosario Domínguez et als. v. ELA et al.*, supra, a la pág. 209. En vista de esto, cuando la ley no contiene una expresión a tales efectos, el término deberá entenderse como directivo. *Benítez Nieves v. ELA et al.*, 202 DPR 818, 828 (2019).

El mecanismo de la anotación de la rebeldía se encuentra constituido en nuestro derecho procesal civil en la Regla 45.1 de

Procedimiento Civil, 32 LPRA Ap. V, R. 45.1, la cual dispone lo siguiente:

> "Cuando una parte contra la cual se solicite una sentencia que concede un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante una declaración jurada o de otro modo, el Secretario o Secretaria anotará su rebeldía.
>
> El tribunal a iniciativa propia o a moción de parte, podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.3(b)(3).
>
> Dicha anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2(b).
>
> La omisión de anotar la rebeldía no afectará la validez de una sentencia dictada en rebeldía."

La Regla 45.1 de Procedimiento Civil, *supra,* provee un remedio para las situaciones en las cuales el demandado no cumple con el requisito de comparecer a contestar la demanda y/o a defenderse en otra forma prescrita por ley, no presentando alegación alguna contra el remedio solicitado. *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 589 (2011); *Álamo v. Supermercado Grande, Inc.*, 158 DPR 93, 100 (2002). Además, aplica a manera de sanción en aquellas instancias en las que alguna parte en el pleito ha incumplido con alguna orden del tribunal. *Íd.*

Se reconoce que la rebeldía constituye un mecanismo procesal discrecional para el foro de instancia. *Rivera Figueroa v. Joe's European Shop*, supra. "[L]a anotación de rebeldía o el dictar sentencia en rebeldía a una parte como sanción por su incumplimiento con una orden del tribunal siempre debe darse dentro del marco de lo que es justo, y la ausencia de tal justicia equivaldría a un abuso de discreción." *Íd.*, pág. 590.

Finalmente, la Regla 45.3 de Procedimiento Civil, 32 LPRA Ap. V, dispone que "[E]l tribunal podrá dejar sin efecto una anotación de rebeldía por causa justificada, y cuando se haya dictado sentencia en rebeldía, podrá asimismo dejarla sin efecto de acuerdo

con la Regla 49.2." Estos preceptos están cimentados en que los casos se ventilen en sus méritos. *Rivera Figueroa v. Joe's European Shop,* supra. Al respecto se ha establecido que esta regla se debe interpretar de manera liberal, resolviéndose cualquier duda a favor de que se dejen sin efecto la anotación o la sentencia en rebeldía. *Id.*

**III**

En su *Petición de Certiorari Civil Urgente,* la parte peticionaria señala que erró el TPI "al conceder un término adicional a la parte recurrida sin que la misma haya realizado comparecencia alguna, término que es improrrogable a tenor con la Regla 10.1 de Procedimiento Civil vigente."

Por su parte, el CRIM en su escrito en *Oposición a Petición de Certiorari* solicitó la no expedición del auto de *certiorari.* En su escrito argumento que la acción presentada gira en torno a la cancelación del pago de contribuciones (fondos públicos) por lo cual se justificaba la concesión de un término adicional al CRIM.

Evaluada la determinación del dictamen recurrido a la luz del derecho expuesto, concluimos que el TPI no actuó de forma arbitraria o caprichosa, no abusó de su discreción, ni se equivocó en la interpretación o aplicación de las normas procesales o de derecho al ejercer su poder discrecional de denegar la anotación de rebeldía por ser un asunto de carácter discrecional, por lo que no se justifica nuestra intervención en este caso.

**IV**

Por los fundamentos expuestos, se deniega la expedición del recurso de *Certiorari.*

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones