ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| AUTOPISTAS METROPOLITANAS DE PUERTO RICO<br><br>Parte Apelante<br><br>v.<br><br>HAKEEM CRUZ T/C/C HAKEEN CRUZ<br><br>Parte Apelada | KLAN202400031 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil Núm.: VB2023CV00844<br><br>Sobre: Cobro de Dinero (Regla 60) |
|---|---|---|

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Rodríguez Flores, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 12 de abril de 2024.

Comparece Autopistas Metropolitanas de Puerto Rico (Metropistas) y solicita que revoquemos la *Sentencia* emitida el 29 de noviembre de 2023, y notificada el 30 de noviembre de 2023, por el Tribunal de Primera Instancia (TPI), Sala de Bayamón. Mediante el referido dictamen, sin que ello hubiese sido solicitado por alguna de las partes, el TPI desestimó con perjuicio la demanda de epígrafe por prescripción. Concluyó el foro de primera instancia que la reclamación no era una en cobro de dinero, sino una sobre daños y perjuicios, en la que Autopistas no interrumpió el término prescriptivo aplicable a esa causa de acción.

Transcurrido el término reglamentario para que la parte apelada, Hakeem Cruz t/c/c Hakeen Cruz, presente su alegato en oposición, sin que hubiera comparecido, damos por perfeccionado el recurso y procedemos a su adjudicación.

Evaluado el escrito de Metropistas, y los documentos que obran en autos, y por los fundamentos que exponemos a

continuación, revocamos la sentencia apelada y devolvemos el asunto al TPI para la continuación de los procedimientos.

## I.

El 7 de noviembre de 2023, Metropistas presentó una demanda sobre cobro de dinero contra Hakeem Cruz t/c/c Hakeen Cruz (Sr. Cruz), al amparo de la Regla 60 de Procedimiento Civil, 32 LPRA Ap. V, R. 60. En la misma, alegó que el Sr. Cruz le adeudaba la cantidad de $3,703.00, por los daños que provocó a la infraestructura de la autopista PR-22 a consecuencia del accidente automovilístico que éste tuvo el 28 de junio de 2021. Metropistas acreditó que, el 21 de julio de 2021, le cursó al Sr. Cruz una reclamación extrajudicial en cobro de los daños ocasionados a la propiedad. Indicó que, a pesar de sus gestiones de cobro, el Sr. Cruz no ha pagado la factura. Argumentó la deuda era una líquida, vencida y exigible y, por tanto, solicitó al TPI que declarara con lugar su demanda y ordenara el pago de la suma adeudada, las costas y los honorarios de abogado.[1]

El 8 de noviembre de 2023, el TPI dictó una orden mediante la cual concedió un plazo de quince (15) días a Metropistas para que mostrara causa por la cual no debía desestimarse la demanda "por tratarse de una causa de acción de daños y perjuicios que está prescrita".[2]

Metropistas no presentó escrito alguno. Entonces, el 29 de noviembre de 2023, notificada el 30 de noviembre de 2023, el TPI dictó la Sentencia apelada. En ésta, concluyó que la reclamación no era una en cobro de dinero, sino una sobre daños y perjuicios, cuyo término prescriptivo para promover la causa de acción es de un (1) año contado a partir de la fecha del accidente; o sea, el 28 de junio

---

[1] Para sustentar sus alegaciones, Metropistas acompañó su demanda con una declaración jurada para sustentar sus alegaciones, la carta del 21 de julio de 2021 y el proyecto de notificación-citación para ser expedido por Secretaría.
[2] Apéndice del recurso, pág. 19.

de 2021. Explicó que, luego de la carta de cobro o reclamación extrajudicial cursada al Sr. Cruz el 21 de julio de 2021, Metropistas no realizó algún otro acto interruptor del referido término prescriptivo. Por tanto, el TPI concluyó que para la fecha de la presentación de la demanda - 7 de noviembre de 2023 - la causa de acción se encontraba prescrita. En virtud de lo anterior, decretó la desestimación y archivo con perjuicio de la demanda.

El 11 de diciembre de 2023, Metropistas presentó una moción de reconsideración. Aseveró que, por error o inadvertencia, omitió informar y anejar el "Acuerdo de Transacción y Compromiso de Pago" de 22 de julio de 2021, mediante el cual el Sr. Cruz se había comprometido a satisfacer la deuda reclamada. Sostuvo que el Sr. Cruz descontinuó los pagos e incumplió la fecha límite para pagar el total de la deuda, vencedera en mayo de 2022. Metropistas afirmó que la reclamación es una contractual a la que le aplica el término prescriptivo de quince (15) años establecido para las acciones personales que no tienen señalado un término especial de prescripción.[3] Así, Metropistas anejó a su escrito el mencionado acuerdo[4] y solicitó al tribunal que dejara sin efecto el decreto de desestimación y archivo y permitiera la continuación de los procedimientos.

En cuanto a dicha moción de reconsideración, el 11 de diciembre de 2023, notificada el 12 de diciembre de 2023, el TPI dictó la *Resolución* que se transcribe a continuación:

> No ha lugar. La copia completa del acuerdo sometido no contiene la firma del demandado. Además, dicho acuerdo no concuerda con las alegaciones de la Demanda.[5]

---

[3] Según dispuesto en el derogado Artículo 1864 del Código Civil de 1930, 31 LPRA sec. 5294.
[4] Se incluyó además copia de recibos que documentan que el Sr. Cruz pagó las mensualidades correspondientes a los meses de agosto y septiembre de 2021, y la carta de requerimiento de pago de 8 de marzo de 2022. Apéndice del recurso, págs. 5-9.
[5] *Íd.*, pág. 25.

Inconforme, el 11 de enero de 2024, Metropistas incoó el recurso de apelación que nos ocupa y apuntó los siguientes señalamientos de error:

> Erró el TPI al levantar *motu proprio* la defensa de prescripción.

> Erró el TPI al desestimar la causa de acción bajo la Regla 39.2(a) de Procedimiento Civil sin haber notificado y apercibido de dicha acción directamente a la parte demandada (sic).

En primer lugar, Metropistas arguyó que la prescripción es una defensa afirmativa y, toda vez que la parte demandada no ha sido citada y, por tanto, tampoco comparecido a plantear dicha defensa, el TPI se encontraba impedido de desestimar la causa de acción por dicho fundamento, en esta etapa de los procedimientos. En apoyo su planteamiento, reseñó que en *Presidential v. Transcaribe*[6] expresamente el Tribunal Supremo advirtió que "los tribunales no pueden levantar *motu proprio* las defensas afirmativas a las que el demandado renunció, excepto por la defensa de falta de jurisdicción sobre la materia".[7]

Por otro lado, añadió que, previo a decretar la desestimación de la demanda, el TPI debió apercibir a Metropistas sobre las consecuencias que acarrearía el incumplimiento de la orden de mostrar causa del 8 de noviembre de 2023.

## II.

Las *alegaciones* son "los escritos mediante los cuales las partes presentan los hechos en que apoyan o niegan sus reclamaciones o defensas".[8] Su propósito es "notificar a grandes rasgos cuáles son las reclamaciones y defensas de las partes".[9]

---

[6] 186 DPR 263 (2012).
[7] *Íd.,* pág. 281.
[8] *Conde Cruz v. Resto Rodríguez et al.,* 205 DPR 1043, 1061 (2020), citando a R. Hernández Colón, *Derecho Procesal Civil*, 6ta ed., San Juan, Ed. LexisNexis, 2017, Sec. 2202, pág. 279.
[9] *Íd.,* pág. 1062.

Cualquier alegación mediante la cual una parte solicite un remedio - como, por ejemplo, una demanda - incluirá una relación sucinta y sencilla de los hechos que demuestran que procede el remedio solicitado y la solicitud del remedio que se alega debe concederse.[10]

Corresponde a la parte contra la cual se reclama, -o sea, al demandado - presentar una alegación responsiva en la que admita o niegue las aseveraciones en que descanse la parte contraria.[11] Además de negar o admitir las alegaciones, dicho demandado deberá incluir en su contestación sus defensas contra cada reclamación interpuesta, junto con una relación de hechos demostrativos de que le asisten tales defensas.[12]

Entre las defensas que un demandado puede plantear, se encuentran las defensas afirmativas. Mediante una defensa afirmativa, la parte a quien concierne responder una alegación afirma hechos que, "de ser ciertos, derrotan el reclamo del demandante, incluso si todas las alegaciones del demandante fueron aceptadas como correctas".[13] Es decir, las defensas afirmativas son aquellas que principalmente comprenden materia de naturaleza sustantiva o materia constitutiva de excusa por la cual el demandado no deba responder a las reclamaciones presentadas en su contra.[14]

La Regla 6.3 de Procedimiento Civil[15] enumera las defensas afirmativas y prescribe las consecuencias de no invocarlas oportunamente. La Regla identifica expresamente como una defensa afirmativa la prescripción adquisitiva o extintiva.[16]

---

[10] Regla 6.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 6.1.
[11] Regla 6.2 (a) de Procedimiento Civil, 32 LPRA Ap. V, R. 6.2 (a).
[12] *Íd.*
[13] *Conde Cruz v. Resto Rodríguez et al.,* supra, pág. 1063.
[14] *Íd.,* citando a *Díaz Ayala et al v. E.L.A.,* 153 DPR 675, 695 (2001).
[15] 32 LPRA Ap. V, R. 6.3.
[16] *Íd.,* inciso (1) (q).

Ahora bien, la citada Regla 6.3 también dispone, en su parte pertinente, que:

Estas defensas [afirmativas] deberán plantearse en forma clara, expresa y específica al responder a una alegación o se tendrán por renunciadas, salvo la parte advenga en conocimiento de la existencia de la misma durante el descubrimiento de prueba, en cuyo caso deberá hacer la enmienda a la alegación pertinente.

De igual modo, la Regla 10.2 de Procedimiento Civil[17] permite a un demandado solicitar a un tribunal que desestime la demanda antes de contestarla cuando es evidente de las alegaciones que alguna de las defensas afirmativas prosperará. Esa solicitud deberá hacerse mediante moción fundamentada en que la demanda deja de exponer una reclamación que justifique la concesión de un remedio.[18]

Finalmente, el Tribunal Supremo expresamente ha advertido que "nuestro sistema de derecho es rogado, por tal razón, exceptuando la defensa sobre falta de jurisdicción sobre la materia, los tribunales *sua sponte* no pueden levantar defensas afirmativas a las que han renunciado las partes. El tribunal no puede actuar como abogado del demandado".[19]

### III.

Centraremos nuestro análisis en el primer señalamiento de error, por ser el que dispone del recurso. Metropistas arguye que el foro sentenciador incidió al levantar *motu proprio* la defensa de prescripción y concluir que procedía desestimar la causa de acción por dicho fundamento. Tiene razón.

Conforme a la normativa esbozada, el tribunal apelado se encontraba impedido de levantar *motu proprio* cualquier defensa afirmativa y, por ende, arrogarse la iniciativa de desestimar el caso basado en dicha defensa.

---

[17] 32 LPRA Ap. V, R. 10.2.
[18] *Conde Cruz v. Resto Rodríguez et al.,* supra, págs. 1065-1066.
[19] *Álamo v. Supermercado Grande, Inc.,* 158 DPR 93, nota al calce núm. 10 (2002), seguido en *Presidential v. Transcaribe,* 186 DPR 263, 281 (2012).

Las defensas afirmativas deben ser planteadas por la parte demandada de forma clara, expresa y oportuna cuando ésta comparezca al pleito. En el presente caso, ni siquiera se citó a la parte demandada y mucho menos se planteó la defensa afirmativa de prescripción. Añádase a ello que la presente causa incoada al amparo de la Regla 60 de las Reglas de Procedimiento Civil, supra, es de naturaleza sumaria que requiere un trámite expedito mediante una notificación-citación para vista en su fondo, previo a la intervención judicial del foro primario.

En virtud de lo anterior, resolvemos que el TPI incidió al desestimar con perjuicio la demanda al levantar *motu proprio* la defensa afirmativa de prescripción, que solo corresponde plantear a la parte demandada una vez comparezca al pleito. Consecuentemente, se revoca la sentencia apelada, se reinstala la demanda y se ordena la continuación de los procedimientos ante el TPI.

**IV.**

Por los fundamentos que anteceden, se revoca la sentencia apelada, se reinstala la demanda y se devuelve el asunto al TPI para la continuación de los procedimientos.

**Notifíquese.**

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones. La Jueza Cintrón Cintrón concurre con el resultado sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones