ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| CARLOS JOSÉ ORTEGA TORRES<br><br>Parte Recurrida<br><br>v.<br><br>MEDIA POWER GROUP, INC. h/n/c RADIO ISLA 1320<br><br>Parte Peticionaria | KLCE202400298 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil Núm.: SJ2023CV09897<br><br>Sobre: Salarios y otros |
|---|---|---|

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Rodríguez Flores, juez ponente.

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 11 de abril de 2024.

Comparece la parte peticionaria, Media Power Group, Inc. h/n/c Radio Isla 1320 (Media Group o parte peticionaria), y solicita que revoquemos la Resolución emitida por el Tribunal de Primera Instancia (TPI) el 8 de febrero de 2024, notificada en igual fecha. Mediante el referido dictamen, el TPI declaró no ha lugar la solicitud de desestimación presentada por Media Group.

Tras examinar el recurso y los documentos que conforman el apéndice, prescindimos de la comparecencia de la parte recurrida[1] y denegamos expedir el auto de *certiorari*.

**I.**

El 23 de octubre de 2023, la parte recurrida, el Sr. Carlos José Ortega Torres (Sr. Ortega Torres o parte recurrida), presentó una

---

[1] Ello, conforme a la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, que nos permite "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante [nuestra] consideración, con el propósito de lograr su más justo y eficiente despacho [...]". 4 LPRA Ap. XXII-B, R. 7 (B) (5).

*Querella* contra Media Group sobre reclamación de salarios y otros[2] al amparo del procedimiento sumario de reclamaciones laborales de la Ley Núm. 2 del 17 de octubre de 1961, 32 LPRA sec. 3118 *et seq.,* según enmendada. El 3 de noviembre de 2023, Media Group presentó *Contestación a Querella.*

El 29 de noviembre de 2023, el TPI celebró la vista de conferencia inicial. Luego de escuchar las posiciones de las partes, por conducto de sus respectivas representaciones legales, el foro primario dictó una orden en la cual, a solicitud de ambas partes, convirtió el proceso a uno ordinario y concedió término al Sr. Ortega Torres para presentar una demanda enmendada. También, el tribunal calendarizó el descubrimiento de prueba.

El Sr. Ortega Torres presentó la *Demanda Enmendada* el 30 de noviembre de 2023. En ésta incluyó una causa de acción por represalias al amparo de la Ley Núm. 115 de 20 de diciembre de 1991, según enmendada, 29 LPRA sec. 194 *et seq.* El mismo 30 de noviembre de 2023, el TPI notificó la orden que autorizó la referida demanda enmendada.

Así las cosas, el 4 de diciembre de 2023, Media Group presentó *Moción en Reconsideración a la Orden del 30 de noviembre de 2023 que permite la Demanda Enmendada y Solicitud de Desestimación Parcial.*[3] En esta, argumentó que si bien es cierto que la Ley de Represalias no requiere la radicación de un proceso administrativo previo a litigar la controversia ante los tribunales de justicia, el Sr. Ortega Torres se encontraba impedido de presentar la causa de acción judicial al palio de dicha ley, debido a que, luego de la presentación de la querella, pero antes de presentar la demanda enmendada, este había interpuesto la reclamación por

---

[2] El Sr. Ortega Torres presentó reclamaciones bajo la Ley Núm. 379-1948, según enmendada; la Ley Núm. 180-1998. El 30 de noviembre de 2023, el TPI autorizó enmendar la demanda para incluir la reclamación por represalias al amparo de la Ley Núm. 148-1969 y Ley Núm. 115-1991.
[3] Véase, apéndice del recurso, Anejo 7.

represalias ante la Unidad Antidiscrimen (UAD) del Departamento del Trabajo y Recursos Humanos de Puerto Rico, circunstancia que lo obligaba a agotar el remedio administrativo previo a litigar el asunto en el foro judicial. Por lo anterior, Media Group solicitó al TPI que reconsiderara la orden que permitió la demanda enmendada, desestimara la causa de acción por represalias y revirtiera el caso al procedimiento sumario.

El 24 de diciembre de 2023, el Sr. Ortega Torres presentó su oposición[4] y adujo que la demanda enmendada detalla hechos que establecen una reclamación por represalias por las actuaciones del patrono ocurridas con posterioridad a la presentación de la querella administrativa y por hechos distintos a los alegados ante el foro administrativo. Señaló, además, que la Ley de Represalias no requiere que se agoten remedios administrativos previo a instar una reclamación judicial a su amparo. En la alternativa, indicó que la UAD no está facultada para conceder daños y perjuicios por los actos de represalias cometidos por un patrono. Por lo anterior, solicitó que se denegara la moción de reconsideración y desestimación parcial presentada por Media Group para continuar con el descubrimiento de prueba ya iniciado.

El 2 de enero de 2024, el foro primario dictó resolución mediante la cual denegó la solicitud de reconsideración y desestimación parcial presentada por Media Group y expresó que el trámite del caso continuaría bajo el procedimiento ordinario.

Así las cosas, el 22 de enero de 2024, Media Group presentó una *Moción Solicitando Desestimación por Dejar de Exponer una Reclamación que Justifique la Concesión de un Remedio.*[5] En esta ocasión, Media Group expuso que las alegaciones de la demanda enmendada eran sobre tiempo y lugar, cuyas circunstancias

---

[4] *Íd.,* Anejo 8.
[5] *Íd.,* Anejo 10.

constitutivas debían exponerse detalladamente por ser un requisito esencial, de conformidad con la Regla 7.3 de Procedimiento Civil, 32 LPRA Ap. V; R. 7.3. Afirmó que la demanda enmendada solamente compendia citas y referencias de las disposiciones legales aplicables a cada causa de acción, sin identificar hechos, tiempo y lugar. Ante ello, solicitó la desestimación de la demanda enmendada.

El 8 de febrero de 2024, el Sr. Ortega Torres presentó su oposición y sostuvo que, al resolver una moción de desestimación, el tribunal debe de interpretar las alegaciones en la forma más favorable para el demandante y que, considerados en esta forma, los hechos alegados eran suficientes para establecer una reclamación válida que cumple con el estándar requerido por la Regla 7.3 de Procedimiento Civil, *supra.*

Evaluados los escritos de ambas partes, el mismo 8 de febrero de 2024, el TPI emitió y notificó *Resolución* en la que declaró no ha lugar la solicitud de desestimación de Media Group.

Insatisfecho con el dictamen, Media Group acude ante nos vía *certiorari*, y apuntó el siguiente señalamiento de error:

> Erró el Tribunal de Instancia al declarar No Ha Lugar la desestimación de las causas de acción sobre salarios de la Demanda Enmendada, toda vez que siendo alegaciones sobre tiempo y lugar, las mismas deben exponerse detalladamente y según redactadas, no son suficientes para justificar la concesión de un remedio.

**II.**

**-A-**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de superior jerarquía puede revisar, a su discreción, una decisión interlocutoria de un tribunal inferior.[6]

Ante un recurso de *certiorari* civil, tenemos que evaluar nuestra autoridad para expedir el mismo al amparo de la Regla 52.1

---

[6] *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce De León v. AIG,* 205 DPR 163, 174 (2020).

de Procedimiento Civil, 32 LPRA Ap. V.[7] Ésta dispone que, el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente se expedirá por el Tribunal de Apelaciones cuando se recurra de una orden o resolución bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57, o de la denegatoria de una moción de carácter dispositivo.

No obstante, y por excepción a lo dispuesto anteriormente, el foro apelativo podrá expedir el recurso cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos revestidos de interés público o cualquier otra situación, en la que esperar por una apelación constituiría un fracaso irremediable de la justicia. Según dispuesto en la Regla 52.1, *supra,* al denegar la expedición de un recurso de *certiorari,* el Tribunal de Apelaciones no tiene que fundamentar su decisión. *Íd.*

Superado dicho análisis, y aun cuando un asunto esté comprendido dentro de las materias que podemos revisar de conformidad con la Regla 52.1, *supra,* para poder ejercer debidamente nuestra facultad revisora es menester evaluar si, a la luz de los criterios enumerados en la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 40, se justifica nuestra intervención. Estos criterios son:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

---

[7] *Caribbean Orthopedics v. Medshape et al.,* supra.; *Scotiabank v. ZAF Corp.,* 202 DPR 478, 486 (2019).

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

*Íd.*

Lo anterior impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro.[8] Por tanto, de no estar presente ninguno de los criterios esbozados, procede abstenernos de expedir el auto solicitado.

**-B-**

Las *alegaciones* son "los escritos mediante los cuales las partes presentan los hechos en que apoyan o niegan sus reclamaciones o defensas".[9] Su propósito es "notificar a grandes rasgos cuáles son las reclamaciones y defensas de las partes".[10] Por tanto, cualquier alegación mediante la cual una parte solicite un remedio – por ejemplo, una demanda – incluirá una relación sucinta y sencilla de los hechos que demuestran que procede el remedio solicitado y la solicitud del remedio que se alega debe concederse.[11]

Sin embargo, esta norma tiene sus excepciones. La Regla 7.3 de Procedimiento Civil, *supra*, establece que "a los fines de determinar la suficiencia de una alegación, las aseveraciones de tiempo y lugar son esenciales y recibirán la misma consideración

---

[8] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).
[9] *Conde Cruz v. Resto Rodríguez et al.,* 205 DPR 1043, 1061 (2020), citando a R. Hernández Colón, *Derecho Procesal Civil*, 6ta ed., San Juan, Ed. LexisNexis, 2017, Sec. 2202, pág. 279.
[10] *Íd.,* pág. 1062.
[11] Regla 6.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 6.1.

que las demás aseveraciones de carácter esencial". En cuanto a dichas alegaciones, el Tribunal Supremo ha resuelto que su omisión podría conllevar la desestimación de la demanda.[12]

Por su parte, la Regla 10.2 de Procedimiento Civil[13], establece que en la alegación responsiva cualquier defensa de hecho o de derecho que se tenga en contra de una reclamación. Sin embargo, la parte contra quien se ha instado la demanda podrá optar por presentar una moción de desestimación en la que alegue cualquiera de las siguientes defensas: (1) falta de jurisdicción sobre la materia, (2) falta de jurisdicción sobre la persona, (3) insuficiencia del emplazamiento, (4) insuficiencia del diligenciamiento del emplazamiento, (5) dejar de exponer una reclamación que justifique la concesión de un remedio, y (6) dejar de acumular una parte indispensable.[14]

A los fines de disponer de una moción de desestimación por el fundamento de que la demanda no expone una reclamación que justifique la concesión de un remedio, los tribunales vienen obligados a tomar como ciertos todos los hechos bien alegados en la demanda y considerarlos de la manera más favorable a la parte demandante.[15] La demanda no deberá ser desestimada a menos que se desprenda con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo de su reclamación.[16]

Por lo tanto, es necesario considerar si, a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de éste, la demanda es suficiente para constituir una reclamación

---

[12] *Álamo v. Supermercado Grande, Inc.*, 158 DPR 93, 104 (2002).
[13] 32 LPRA Ap. V, R. 10.2.
[14] *Íd.*
[15] *Rivera Sanfeliz et al. v. Jta. Dir. FirstBank*, 193 DPR 38, 49 (2015); *Colón Rivera et al. v. ELA*, 189 DPR 1033, 1049 (2013).
[16] *Consejo de Titulares v. Gómez Estremera et al.*, 184 DPR 407, 423 (2012); *Pressure Vessels P.R. v. Empire Gas P.R.*, 137 DPR 497, 505 (1994).

válida.[17] Tampoco procede la desestimación de una demanda, si la misma es susceptible de ser enmendada.[18]

### III.

La parte peticionaria Media Group recurre de la denegatoria del TPI a su solicitud de desestimación de la demanda enmendada. Lo anterior, por entender que las alegaciones de la demanda enmendada no son suficientes para conceder el remedio solicitado. Sin embargo, al evaluar la petición de *certiorari*, concluimos que, aun cuando el asunto está contemplado en los supuestos en los que, por excepción, y en nuestro ejercicio discrecional, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, nos confiere autoridad para intervenir, la solicitud de la parte peticionaria no cumple con ninguno de los criterios de la Regla 40 del Reglamento de este Tribunal, 4 LPRA Ap. XXII-B, R. 40, que justifique nuestra intervención en esta etapa de los procedimientos.

Es decir, Media Group no presentó argumentos que demuestren que, al emitir su determinación, el TPI actuara de forma arbitraria o caprichosa, o en abuso de su discreción o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho. Tampoco demostró que, al denegar la solicitud de desestimación, el TPI hubiera incurrido en un fracaso de la justicia.

En fin, el examen detenido del expediente apelativo y de los documentos que conforman el apéndice, vistos a la luz de la normativa que nos guía en el ejercicio revisor, nos lleva a concluir que no se configura ninguna circunstancia que justifique expedir el auto discrecional solicitado.

Ante dicho escenario, nos abstenemos de intervenir con el dictamen recurrido.

---

[17] *Pressure Vessels P.R. v. Empire Gas P.R.*, supra, pág. 505.
[18] *Colón v. Lotería*, 167 DPR 625, 649 (2006).

**IV.**

En virtud de lo antes expuesto, denegamos la expedición del auto de *certiorari*.

**Notifíquese.**

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones