Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| **ISLAND PORTFOLIO SERVICES, LLC**<br><br>Recurridos<br><br><br>v.<br><br><br>**PATRICIA CORCINO PEREZ**<br><br>Peticionaria | KLCE202400596 | **CERTIORARI**<br>Procedente del Tribunal de Primera Instancia, Sala Superior de **Caguas**<br><br>Caso Núm.:<br>**CG2023CV03912 (Salón 702)**<br><br>Sobre: **COBRO DE DINERO – ORDINARIO Y OTROS** |

Panel integrado por su presidenta la Jueza Domínguez Irizarry, la Jueza Grana Martínez y el Juez Pérez Ocasio.

Pérez Ocasio, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 28 de junio de 2024.

Comparece ante nos, Patricia Corcino Pérez, en adelante Corcino Pérez o peticionaria, nos solicita que revoquemos la *"Resolución"* del Tribunal de Primera Instancia, Sala de Caguas, en adelante, TPI-Caguas, en la que declaró "No Ha Lugar" la *"Solicitud de Relevo Anotación de Rebeldía"* presentada por Corcino Pérez.

Por los fundamentos que expondremos a continuación, *denegamos expedir el recurso de autos.*

**I.**

El 15 de noviembre de 2023, Island Portfolio Services, LLC, en adelante Island Portfolio, presentó como agente gestor de Fairway Acquisitions Fund, LLC, en adelante Fairway, una *"Demanda"* sobre cobro de dinero e incumplimiento de contrato en contra de Corcino Pérez.[1] Alegaron que, mediante un documento titulado *"Bill of Sale and Assignment of Accounts"* Fairway había adquirido por cesión,

---
[1] Apéndice del recurso, pág. 1.

los derechos, títulos e intereses de un *"Contrato de Arrendamiento de Vehículos"* suscrito entre Popular Auto, LLC, en adelante Popular Auto, y Corcino Pérez.[2] Añadieron que, el término de pago del balance total adeudado se había acelerado por lo que la deuda estaba vencida y era líquida y exigible.[3] A raíz de lo cual, solicitaron al TPI-Caguas que ordenara a Corcino Pérez a realizar el pago de $18,192.45.[4]

El 2 de enero de 2024, Island Porfolio presentó *"Solicitud de Anotación de Rebeldía y Sentencia"* en la que solicitaron que se anotara la rebeldía a Corcino Pérez ya que habían transcurrido más de treinta (30) días, desde el 1 de diciembre de 2023 que fue diligenciado el emplazamiento, para que contestara la demanda, sin que esta así lo hiciese.[5]

Así las cosas, el 10 de enero de 2024 la representación legal de Corcino Pérez presentó *"Moción Asumiendo Representación Legal y en Solicitud de Término"*.[6] Plantearon haber sido convocados para asumir la representación legal de Corcino Pérez y solicitaron un término de veinte (20) días para presentar su posición.[7] Dicha moción fue declarada "Ha Lugar" por el TPI-Caguas el 17 de enero de 2024.[8]

Posteriormente, el 7 de febrero de 2024, Corcino Pérez presentó *"Solicitud de Desestimación por Falta de Legitimación (Regla 10.2)"* alegando que Island Portfolio no tenía legitimación activa.[9] Plantearon, en síntesis, que Island Portfolio alegaba ser gestor de Fairway sin proveer información alguna de dicho ente jurídico y que Fairway no era una entidad registrada en la jurisdicción de Puerto

---

[2] Apéndice del recurso, pág. 4.
[3] *Id.* pág. 2.
[4] *Id.*
[5] *Id.* pág. 29.
[6] *Id.* pág. 32.
[7] *Id.*
[8] *Id.* pág. 38.
[9] *Id.* pág. 39.

Rico.[10] Además, tampoco ofrecía documento alguno para poder constatar que en efecto la cuenta de Corcino Pérez estaba incluida en el listado de las cuentas que habían sido cedidas, transferidas o vendidas por Popular Auto a Fairway y así demostrar su autoridad para reclamar el cobro de la deuda.[11] El 1 de marzo de 2024, el TPI-Caguas emitió *"Orden"* declarando "No Ha Lugar" la desestimación.[12]

Luego de varios trámites procesales, el 12 de marzo de 2024, Island Portfolio presentó *"Solicitud de Anotación de Rebeldía"*, reiterando la previa.[13] El 3 de abril de 2024, Corcino Pérez presentó *"Contestación a Demanda"*.[14] Sin embargo, al día siguiente, el 4 de abril de 2024, el Foro Primario emitió *"Orden"* declarando "Ha Lugar" la anotación de rebeldía.[15] En consecuencia, emitió una segunda *"Orden"* estableciendo que la contestación a la demanda había sido presentada tardíamente por lo que se daba como no presentada. [16]

En desacuerdo, el 6 de abril de 2024 la representación legal de Corcino Pérez presentó *"Reconsideración de Orden de Anotación de Rebeldía"*.[17] Plantearon que, debido a que su solicitud de desestimación había sido declarada "No Ha Lugar" el 1 de marzo de 2024, tenían la facultad de elevar el asunto a revisión judicial hasta el 1 de abril de 2024, lo cual estuvieron ponderando y sometieron su respuesta solo dos (2) días de vencido el plazo.[18] Alegaron, no haber podido tomar una decisión al respecto por encontrarse Corcino Pérez atendiendo un compromiso profesional fuera del país

---

[10] Apéndice del recurso, págs. 39-40.
[11] *Id.* pág. 41.
[12] *Id.* pág. 76.
[13] *Id.* pág. 83.
[14] *Id.* pág. 86.
[15] *Id.* pág. 90.
[16] *Id.* pág. 91.
[17] *Id.* pág. 92.
[18] *Id.* pág. 93.

e incomunicada, razón por la cual el 3 de abril de 2024, decidieron contestar la demanda.[19]

El 29 de abril de 2024, el TPI-Caguas emitió *"Orden"* declarando "No Ha Lugar" la reconsideración presentada por Corcino Pérez.[20] Aún inconformes, el 29 de mayo de 2024, Corcino Pérez presentó ante nos *"Solicitud de Certiorari"*. Plantea:

> **ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL ABUSAR DE SU DISCRECIÓN DENENGANDO LA SOLICITUD DE RELEVO DE ANOTACIÓN DE REBELDÍA, DADO QUE NUESTRO ORDENAMIENTO PERMITE ALTERNATIVAS MENOS NOSCIVAS EN UN CASO DONDE YA HABÍAMOS COMPARECIDO Y PARTICIPADO PROACTIVAMENTE DE LOS TRABAJOS, EXISTÍA JUSTA CAUSA, LA DILACIÓN EN REPLICAR FUE EN EXTREMO CORTA, Y LA DEMANDANTE NO ARGUYÓ PERJUICIO ALGUNO.**

El 31 de mayo de 2024, emitimos *"Resolución"* otorgándole cinco (5) días a los peticionarios para evidenciar el cumplimiento con la Regla 33(B) de nuestro Reglamento, 4 LPRA Ap. XXII-B, Regla 33(B) y diez (10) días a los recurridos para expresarse sobre el recurso. El 4 de junio de 2024, los peticionarios presentaron *"Moción en Cumplimiento de Notificación"* cumpliendo así con lo ordenado.

Por su parte, el 14 de junio de 2024, Island Porfolio presentó *"Moción de Desestimación al Amparo de la Regla 83B (1), (3), (4) y la Regla 40 del Reglamento del Tribunal de Apelaciones"*. Plantearon que, el TPI-Caguas anotó la rebeldía setenta y un (71) días luego de la aquí peticionaria haber sido debidamente emplazada. Añaden, que Corcino Pérez no había presentado una razón justificada para que este Foro Intermedio intervenga con la determinación del foro *a quo*. A su vez, plantean que la notificación del *certiorari* había sido realizada de manera incorrecta, ya que no habían recibido copia

---

[19] Apéndice del recurso, pág. 93.
[20] *Id.* pág. 99.

sellada del documento presentado mediante correo postal o por correo certificado.

## II.

### A. Certiorari

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG*, 205 DPR 163, 174-175 (2020). Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, **anotaciones de rebeldía**, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> [...]
>
> Énfasis nuestro.

Según se desprende de la citada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones. *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 710-711 (2019).

Luego de auscultar si el recurso discrecional cumple con las disposiciones de la Regla 52.1 de Procedimiento Civil, supra, el tribunal procederá a evaluar el recurso a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. La mencionada regla expone los criterios que esta Curia deberá considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Véase, además, *Rivera et al. v. Arcos Dorados et al.*, supra; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020).

Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, funge como complemento a la Regla 52.1 de Procedimiento Civil, supra. *Torres González v. Zaragoza Meléndez*, supra, pág. 848. La precitada Regla dispone lo siguiente:

> El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
> (A)  Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B)  Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C)  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D)     Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E)     Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F)     Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G)     Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**B. Rebeldía**

La rebeldía no es otra cosa que "la posición procesal en que se coloca la parte que ha dejado de ejercitar su derecho a defenderse o de cumplir con su deber procesal". *Mitsubishi Motor v. Lunor y otros,* 212 DPR 807, 822-824 (2023); *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 587 (2011). Tiene como propósito el disuadir a una parte a dilatar los procedimientos como una estrategia de litigación. *Rivera Figueroa v. Joe's European Shop,* supra.

Por otro lado, la Regla 45.1 de Procedimiento Civil, supra, detalla los asuntos concernientes con la anotación de rebeldía, a saber, expresa que:

> Cuando una parte contra la cual se solicite una sentencia que concede un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante una declaración jurada o de otro modo, el secretario anotará su rebeldía.
>
> El tribunal a iniciativa propia o a moción de parte, podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.3 (b) (3).
>
> Dicha anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2 (b).
>
> La omisión de anotar la rebeldía no afectará la validez de una sentencia dictada en rebeldía.

*Mitsubishi Motor v. Lunor y otros,* supra.

Procede la anotación de rebeldía cuando el demandado no cumple con el requisito de comparecer a contestar la demanda u ofrecer una defensa a su favor, por lo que este no presenta alegación alguna contra las alegaciones hechas por el demandante o contra el remedio solicitado por este. *Mitsubishi Motor v. Lunor y otros,* supra; *Rivera Figueroa v. Joe's European Shop,* supra, pág. 589. *Álamo v. Supermercado Grande, Inc.,* 158 DPR 93, 100 (2002); Véase, R. Hernández Colón, *Práctica Jurídica de Puerto Rico,* Derecho Procesal Civil, 6ta Ed. San Juan, Ed. Lexis Nexis, 2017, pág. 328.

También procede una anotación de rebeldía contra una parte que se negó a descubrir su prueba luego de que se le requiriera hacerlo, o que incumplió con algún mandato del tribunal, lo que motiva a este, por solicitud del demandante o motu proprio, a imponerle la rebeldía como sanción. *González Pagán v. SLG Moret-Brunet,* 202 DPR 1062, 1068 (2019); *Rivera Figueroa v. Joe's European Shop,* supra, pág. 589, citando a *Álamo v. Supermercado Grande, Inc.*, supra; *Ocasio v. Kelly Servs.,* 163 DPR 653, 669 (2005).

Una anotación en rebeldía provoca que se dan por admitidos todos los hechos bien alegados en la demanda. Además, tiene el efecto de autorizar al Foro Primario para que dicte sentencia, si es eso lo que procede en derecho. *Mitsubishi Motor v. Lunor y otros,* supra; *Rivera Figueroa v. Joe's European Shop,* supra, pág. 598.

Sobre los derechos de una parte en rebeldía el Tribunal Supremo, en varias ocasiones, ha reiterado que le asiste el derecho a conocer del señalamiento, asistir a la vista, contrainterrogar los testigos de la parte demandante, impugnar la cuantía y apelar la sentencia. *Mitsubishi Motor v. Lunor y otros,* supra; *Ins. Co. v. Isleta Marina,* 106 DPR 809, 817 (1978).

### III.

En su recurso, Corcino Pérez plantea que incidió y abusó de su discreción el Foro Primario al denegar la solicitud de relevo de anotación de rebeldía. Alega que la dilación en replicar constó de apenas dos (2) días, que se encontraba dentro del término para apelar la denegatoria de su solicitud de desestimación y que Corcino Pérez se encontraba incomunicada fuera del país.

Luego de un examen sosegado del expediente ante nos, y la norma estatutaria y jurisprudencial que regula el mecanismo de anotación de rebeldía, colegimos que no existe criterio jurídico que amerite nuestra intervención con lo resuelto por el Foro Primario. Distinguimos que el foro *a quo* no incurrió en error de derecho ni en

abuso de discreción al denegar relevar la anotación de rebeldía. Por lo que, no existe razón en derecho que nos permita obviar la norma de abstención judicial, en procedimientos como el de autos, que regula nuestras funciones.

Además, en virtud de que la peticionaria no demostró que el presente recurso se encuentra entre las instancias contempladas en la Regla 40 del Reglamento del Tribunal de Apelaciones, la cual nos permite entender sobre el mismo, nos abstenemos de intervenir en el caso de epígrafe.

**IV.**

Por los fundamentos que anteceden, *denegamos expedir el recurso de autos.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Grana concurre sin opinión escrita.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones