ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| BANCO POPULAR DE PUERTO RICO, <br><br> Peticionaria, <br><br> v. <br><br> SUCESIÓN DE ANTONIO OMAR MUÑIZ MARTÍNEZ y SUCESIÓN DE CARMEN MARÍA CABRERA ACARÓN t/c/c CARMEN MARÍA CABRERO ACARÓN, ambas compuestas por sus herederos: CARMEN MARÍA MUÑIZ CABRERA t/c/c CARMEN MARÍA MUÑIZ CABRERO; "JOHN DOE" y "RICHARD ROE" como posibles herederos desconocidos de la sucesión de ANTONIO OMAR MUÑIZ MARTÍNEZ; "JOHN DOE" y "RICHARD ROE" como posibles herederos desconocidos de la sucesión de CARMEN MARÍA CABRERA ACARÓN t/c/c CARMEN MARÍA CABRERO ACARÓN; CENTRO DE RECAUDACIONES DE INGRESOS MUNICIPALES (CRIM), <br><br> Recurrida. | KLCE202400845 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón. <br><br> Civil núm.: BY2022CV01836. <br><br> Sobre: cobro de dinero y ejecución de hipoteca. |

Panel integrado por su presidenta, la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres.

Romero García, jueza ponente.

SENTENCIA

En San Juan, Puerto Rico, a 19 de septiembre de 2024.

La parte peticionaria, Banco Popular de Puerto Rico (BPPR), presentó este recurso el 1 de agosto de 2024. Nos solicita que revoquemos la orden emitida y notificada por el Tribunal de Primera Instancia, Sala Superior de Bayamón, el 18 de junio de 2024[1]. Mediante el referido

---

[1] La aludida orden establece que la *Sentencia* dictada en el caso el 7 de noviembre de 2022, se dejaba sin efecto por nulidad. Ello, pues el foro primario concluyó que el procedimiento llevado a cabo había estado viciado de un grave defecto. A saber, que la

Número identificador

SEN2024_____

dictamen, el foro primario dejó sin efecto la *Sentencia* emitida a favor de BPPR el 7 de noviembre de 2022[2].

Por los fundamentos expuestos a continuación, **expedimos el auto de *certiorari* y revocamos** la orden emitida por el foro primario el 18 de junio de 2024.

I

El 11 de abril de 2022, BPPR presentó una demanda de ejecución de hipoteca y cobro de dinero contra la parte recurrida del título[3]. En lo pertinente, alegó:

> El causante, ANTONIO OMAR MUÑIZ MARTÍNEZ, su esposa CARMEN MARÍA CABRERA ACARÓN T/C/C CARMEN MARÍA CABRERO ACARÓN y la Sociedad Legal de Bienes Gananciales ("la parte demandada**") emitieron un pagaré hipotecario a favor de Caribbean Financial Services Corp., o a su orden, por la suma principal de $95,200.00, con intereses al 5.625% anual**, el cual pagará intereses solamente los primeros 15 años a razón de $446.25 mensuales, y los siguientes 15 años, pagará por concepto de principal e intereses a razón de $784.19 mensuales hasta su completo pago, vencedero el día 1 de octubre de 2033, **constituida mediante la <u>escritura número 414</u>**, otorgada en Bayamón, Puerto Rico, el día **30 de septiembre de 2003, ante el notario Fernando M. Rabel Echegaray**, e inscrita al tomo Karibe de Bayamón Sur, finca número 66,331, inscripción 6ta, como Asiento Abreviado extendidas las líneas el día 23 de marzo de 2016, en virtud de la Ley número 216 del día 27 de diciembre de 2010. (Fue presentado el día 15 de octubre de 2003 al Asiento 1730 del Diario 1228).

(Énfasis y subrayado nuestros).

Tras múltiples indecencias procesales, el 12 de septiembre de 2022, BPPR presentó una solicitud de anotación de rebeldía y para que se dictara sentencia[4].

Entre los documentos adjuntados a su moción, BPPR sometió la copia del pagaré suscrito ante el notario Fernando Rabel Echegaray el **30**

---

copia de la escritura de hipoteca presentada no concordaba con el pagaré. En consecuencia, el foro primario ordenó *motu proprio* que se reactivara el caso, se enmendara la demanda y se continuara con los procedimientos. *Véase*, apéndice del recurso, a la pág. 242.

[2] *Íd.*, a las págs. 89-91. La referida sentencia fue dictada en rebeldía. En ella, el Tribunal de Primera Instancia declaró con lugar la demanda de ejecución de hipoteca instada por BPPR. El foro primario declaró vencida la deuda de $96,307.54, ordenó la ejecución de la hipoteca y la venta en pública subasta de la propiedad objeto del pleito.

[3] *Íd.*, a las págs. 1-4.

[4] *Íd.*, a las págs. 34-88.

**de septiembre de 2003**, y **la Escritura Núm. 542, sobre primera hipoteca**, otorgada ante notario **el 31 de mayo de 2002**, por la suma principal de $70,000[5]. Es decir, **BPPR no adjuntó copia de la Escritura Núm. 414 otorgada el 30 de septiembre de 2003**, la cual estaba garantizada por el pagaré cuya copia sí fue adjuntada.

A pesar del error, el 7 de noviembre de 2022, el Tribunal de Primera Instancia anotó la rebeldía a la parte recurrida, declaró con lugar la demanda y concedió los remedios solicitados por BPPR[6].

La referida sentencia fue notificada por edicto el 15 de noviembre de 2022[7]. Luego de ello, el 16 de diciembre de 2022, BPPR presentó una moción de ejecución de sentencia[8]. La misma fue concedida por el foro primario en esa misma fecha[9].

No obstante, el 3 de enero de 2023, la sucesión de Antonio Omar Muñiz Martínez compareció por primera vez en el pleito y presentó una moción mediante la cual solicitó que se dejara sin efeto la sentencia[10]. A su vez, solicitó que se declarara sin lugar la demanda por, entre otros fundamentos, falta de jurisdicción e incumplimiento con el *Service Members Civil Relief Act* (SCRA).

En lo pertinente, el 23 de mayo de 2024, el Tribunal de Primera Instancia ordenó a BPPR que presentara un estudio de título sobre el pagaré que pretendía ejecutar, así como copia de la hipoteca que garantizaba el mismo[11]. **En específico, debía acreditar que el pagaré suscrito el 30 de septiembre de 2003, por la suma de $95,200, e intereses al 5.625%, constaba inscrito en la finca número 66,331 del Registro de la Propiedad**. Aclaró que los documentos que formaban parte

---

[5] *Véase*, apéndice del recurso, a las págs. 60-83.

[6] *Íd.*, a las págs. 89-91.

[7] *Íd.*, a las págs. 101-103.

[8] *Íd.*, a las págs. 98-120.

[9] *Íd.*, a las págs. 121-122.

[10] *Íd.*, a las págs. 123-128.

[11] *Íd.*, a las págs. 202- 203.

del expediente judicial reflejaban que la Escritura Núm. 542 sobre primera hipoteca otorgada ante notario el 31 de mayo de 2002, era por la suma principal de $70,000, con intereses al 4.7/8%, pagaderos desde el otorgamiento de la escritura, y hasta el 1 de junio de 2009. Resaltó que la referida escritura no incluía iniciales, ni sello notarial, ni la firma del notario. Subrayó que no constaba que dicha escritura hubiera sido inscrita. Por último, apuntó que la copia de la escritura de constitución de hipoteca **no correspondía con el pagaré en virtud del cual BPPR solicitaba el cobro de dinero y la ejecución de la propiedad**.

El 24 de mayo de 2024, BPPR presentó el estudio de título solicitado y copia simple de la **Escritura Núm. 414 de constitución de hipoteca en garantía del pagaré**, suscrita ante el notario Fernando Rabel Echegaray el **30 de septiembre de 2003**[12]. El 29 de mayo de 2024, presentó un estudio de título actualizado[13].

El 30 de mayo de 2024, el tribunal emitió otra orden en la cual aclaró que lo que interesaba recibir era una certificación registral; otorgó a BPPR un nuevo término para que presentara el documento[14].

Entre tanto, el 17 de junio de 2024, la parte recurrida presentó una moción en la que solicitó que se dejara sin efecto la sentencia emitida por el foro primario el 7 de noviembre de 2022[15]. Ello, en atención a que la parte peticionaria no había presentado la certificación registral dentro del término pautado y que el foro primario carecía de jurisdicción.

No obstante, en cumplimiento con la orden del foro primario, el 17 de junio de 2024, BPPR presentó la certificación registral[16]. Esta concordaba con los documentos presentados a solicitud del foro primario y con el pagaré adjuntado a la solicitud de sentencia en rebeldía[17].

---

[12] *Véase*, apéndice del recurso, a las págs. 204-222.

[13] *Íd.*, a las págs. 224-226.

[14] *Íd.*, a la pág. 227.

[15] *Íd.*, a las págs. 229-231.

[16] *Íd.*, a las págs. 235-237.

[17] *Íd.*, a las págs. 53-59.

Al día siguiente, 18 de junio de 2024, el Tribunal de Primera Instancia emitió una orden mediante la cual dejó sin efecto la *Sentencia* emitida el 7 de noviembre de 2022. En su dictamen, expresó que el procedimiento llevado a cabo había estado "viciado del grave defecto que la escritura de hipoteca no concordaba con el pagaré"[18].

Inconforme, el 28 de junio de 2024, el BPPR presentó una moción de reconsideración[19]. En su escrito, planteó que ninguna de las partes había solicitado la nulidad de la sentencia por las razones expuestas por el foro primario. Además, arguyó que el error de adjuntar una copia equivocada de la escritura de hipoteca como parte de la moción de sentencia en rebeldía no acarreaba la nulidad de todo el proceso. En virtud de ello, sostuvo que se trataba más bien de un error no perjudicial de conformidad con la Regla 50 de la de Procedimiento Civil, 32 LPRA Ap. V.

El foro primario denegó reconsiderar su determinación el 3 de julio de 2024[20].

Aún inconforme, el 1 de agosto de 2024, BPPR instó este recurso, en el que formuló el siguiente señalamiento de error:

> Erró el TPI al determinar que el "procedimiento llevado a cabo estuvo viciado del grave defecto que la escritura de hipoteca presentada no concordaba con el pagaré" dejando sin efecto la sentencia en este caso y ordenando a BPPR a presentar una demanda enmendada.

(Énfasis omitido).

En síntesis, arguyó que, al dictar sentencia y considerar todos los documentos ante sí, el tribunal contaba con los elementos necesarios y datos precisos, tanto de la hipoteca como del pagaré que BPPR pretendía ejecutar. Ello, basado en las alegaciones de la demanda. Añadió que el foro primario también contaba con el estudio de título y la certificación registral solicitada posteriormente. En virtud de ello, sostuvo que se pudo

---

[18] *Véase*, apéndice del recurso, a la pág. 242.

[19] *Íd.*, a las págs. 243-250.

[20] *Íd.*, a la pág. 251.

constatar la corrección de las alegaciones y la ausencia de defecto grave alguno.

El 30 de agosto de 2024, la parte recurrida presentó su oposición a la expedición del recurso. Adujo que BPPR no había adjuntado a su demanda una copia de la escritura de hipoteca correcta; tampoco había refutado que la referida escritura y el pagaré, en efecto, no concordaban. Sostuvo que el foro primario no había errado, pues la sentencia objeto de controversia había sido dictada en rebeldía y sin que el tribunal tuviera ante sí el documento principal de la causa de acción. En virtud de ello, concluyó que procedía que se declarara nula la *Sentencia* del 7 de noviembre de 2022, y se ordenara la enmienda a la demanda.

Evaluados los planteamientos de las partes comparecientes, resolvemos.

II

A

De ordinario, aquel que presenta un recurso de *certiorari* pretende la revisión de asuntos interlocutorios, que han sido dispuestos por el foro primario en el transcurso y manejo del caso. Por tanto, distinto al recurso de apelación, el tribunal al que se recurre mediante *certiorari* tiene discreción para atender el asunto planteado, ya sea expidiendo el auto o denegándolo. Véase, *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011); *García v. Padró*, 165 DPR 324, 334 (2005). Así pues, el *certiorari* es un recurso extraordinario cuya característica se asienta en "la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos." *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012).

De otra parte, la Regla 52.1 de las de Procedimiento Civil, delimitó los asuntos que este Tribunal puede revisar mediante el recurso de *certiorari*. A saber:

.     .     .     .     .     .     .     .

El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia,

solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciaros, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

.　　.　　.　　.　　.　　.　　.　　.

32 LPRA Ap. V, R. 52.1.

Ahora bien, precisa señalar que la discreción para entender en el recurso de *certiorari* no se ejerce en el vacío. La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional; a decir:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Cual reiterado, este Tribunal no habrá de intervenir con el ejercicio de la discreción en los asuntos interlocutorios ante la consideración del Tribunal de Primera Instancia, salvo en "un craso abuso de discreción o que el tribunal [haya actuado] con prejuicio y parcialidad, o que se [haya

equivocado] en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial." *Lluch v. España Service,* 117 DPR 729, 745 (1986).

B

En lo pertinente, la Regla 49.2 de las de Procedimiento Civil, 32 LPRA Ap. V, dispone que **mediante una moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento** por las siguientes razones:

. . . . . . . .

(a) error, inadvertencia, sorpresa o negligencia excusable;

(b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;

(c) fraude (incluso el que hasta ahora se ha denominado "intrínseco" y el también llamado "extrínseco"), falsa representación u otra conducta impropia de una parte adversa;

(d) nulidad de la sentencia;

(e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o

(f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.

. . . . . . . .

Existen errores en los procesos judiciales que, por su naturaleza, no justifican la revocación de una determinación. A esos efectos, la Regla 50 de las de Procedimiento Civil establece que:

Ningún error en la admisión o exclusión de prueba y **ningún error o defecto en cualquier decisión u orden, o en cualquier acto realizado u omitido por el tribunal o por cualquiera de las partes**, dará lugar a la concesión de un nuevo juicio o **a que se deje sin efecto, modifique o de otro modo se altere una sentencia u orden a menos que el tribunal considere que la negativa a tomar tal acción resulta incompatible con la justicia sustancial. Durante el curso del procedimiento, el tribunal deberá hacer caso omiso de cualquier error o defecto en éste que no afecte los derechos sustanciales de las partes**.

32 LPRA Ap. V, R. 50. (Énfasis nuestro).

## C

La Regla 45.2 de las de Procedimiento Civil, 32 LPRA Ap. V., aclara las instancias en que un tribunal podrá dictar sentencia en rebeldía. En lo pertinente, dispone que la parte con derecho a una sentencia en rebeldía la solicitará. Además, dispone que para dictar sentencia y comprobar la veracidad de cualquier aseveración mediante prueba o hacer una investigación de cualquier otro asunto, el tribunal deberá celebrar las vistas que crea necesarias y adecuadas o encomendar la cuestión a un comisionado o una comisionada.

Al interpretar la referida regla, el Tribunal Supremo de Puerto Rico ha expresado que, como norma general, **el trámite en rebeldía tendrá como consecuencia jurídica que se estimen aceptadas todas y cada una de las materias bien alegadas en la demanda.** *Álamo v. Supermercado Grande, Inc.*, 158 DPR 93, 101 (2002). De igual forma, ha sostenido que el concepto "materias bien alegadas" se refiere a que **en una rebeldía se considerarán admitidos los hechos correctamente alegados**. *Íd.* Así también, ha expresado que para que el tribunal descargue su función adjudicativa de un pleito en rebeldía, "el proceso de formar conciencia judicial exige la comprobación 'de cualquier aseveración mediante prueba". *Íd.* Citando a *Hernandez v. Espinosa*, 145 DPR 248, 272 (1998). Así, si para que un tribunal pueda dictar sentencia en rebeldía le es necesario comprobar la veracidad de cualquier alegación o hacer una investigación sobre cualquier otro asunto, podrá celebrar las vistas que estime necesarias y adecuadas. *Álamo v. Supermercado Grande, Inc.*, 158 DPR, a las págs. 101-102.

En virtud de lo anterior, la parte que solicita un remedio deberá alegar correctamente los hechos específicos que de su faz sean demostrativos que, de ser probados, la hacen acreedora del remedio reclamado. **Será esencial, pues, evaluar las alegaciones de la demanda**. *Íd.*, a la pág. 102.

### III

Nos corresponde determinar si el Tribunal de Primera Instancia erró al dejar sin efecto una sentencia mediante la cual se había declarado con lugar la demanda de ejecución de hipoteca instada por BPPR. Ello, por el fundamento de que el procedimiento llevado a cabo estuvo viciado de lo que caracterizó como un grave defecto. En específico, el hecho de que la copia de la escritura de hipoteca que fuera presentada por BPPR no concordaba con la copia del pagaré adjuntada a la solicitud de sentencia en rebeldía.

La parte peticionaria señala que con su determinación el foro primario obvió los principios recogidos en la Regla 1 de las de Procedimiento Civil, 32 LPRA Ap. V, respecto a garantizar la economía procesal. Si bien reconoce que el documento adjuntado a la solicitud de sentencia era incorrecto, sostiene que el dictamen dejado sin efecto no contenía ningún error. Arguye que la sentencia emitida el 7 de noviembre de 2022, se amparó en las alegaciones bien hechas de la demanda y describía correctamente tanto la hipoteca a ejecutar, como el pagaré. Además, resalta que el foro primario pudo constatar la información pertinente luego de que, a su propia instancia, presentara un estudio de título actualizado y la correspondiente certificación registral. Finalmente, la peticionaria cita y discute la Regla 50 del de Procedimiento Civil con el fin de establecer que se trataba de un error no perjudicial, el cual no acarreaba la nulidad de la sentencia.

Por su parte, a pesar de que la recurrida señaló nuevamente las incongruencias entre el pagaré y la hipoteca presentados inicialmente por la parte peticionaria, se limitó a discutir el fundamento principal por el cual solicitó la nulidad del dictamen en controversia. A saber, la presunta falta de jurisdicción del foro primario por incumplimiento con las disposiciones del SCRA. El examen de su postura da la impresión de que pretende atribuir otro fundamento a la determinación del Tribunal de Primera Instancia, que este último no consideró ni expresó en su resolución.

Según discutimos, los tribunales pueden, ante una moción y bajo aquellas condiciones que sean justas, relevar a una parte o a su representante legal de una sentencia. Ello, si se trata de un error perjudicial, que tenga el efecto de lacerar los derechos de una de las partes. En la alternativa, el foro podrá relevar de los efectos de una sentencia cuando la negativa a tomar tal acción resulte incompatible con la justicia sustancial.

En esta ocasión, evaluadas las alegaciones bien hechas por la parte peticionaria, tanto en la demanda como en la solicitud de sentencia en rebeldía, podemos concluir que no mediaron tales errores en la sentencia dictada por el tribunal el 7 de noviembre de 2022. Tampoco en la notificación de la sentencia por edicto publicada en un periódico de circulación general[21]. Inclusive, el foro primario pudo constatar lo alegado en los mencionados escritos, en tanto solicitó a la parte peticionaria que presentara un estudio de título y una certificación registral actualizada, en los que constaba la inscripción de la hipoteca objeto de ejecución.

Por tanto, revisado el expediente, confirmamos que la parte peticionaria sometió los documentos solicitados ante la consideración del tribunal y estos sí concordaban con las alegaciones de la demanda presentada[22].

De otra parte, en nuestro ordenamiento jurídico el trámite en rebeldía tiene como consecuencia jurídica que se estimen aceptadas todas y cada una de las materias bien alegadas en la demanda. Si bien los tribunales no somos meros autómatas obligados a conceder indemnizaciones por estar dilucidándose un caso en rebeldía, en este caso el Tribunal de Primera Instancia emitió una sentencia al amparo de alegaciones bien hechas. Además, tuvo ante sí los documentos pertinentes para constatar que su dictamen versaba sobre la hipoteca y el pagaré correspondiente. Por tanto, el fundamento del tribunal en cuanto a que el proceso estuvo viciado por la

---

[21] *Véase*, apéndice del recurso, a las págs.92-97, y 102-103.

[22] *Íd.*, a las págs. 1-2, 35 y 204-222.

incongruencia de los documentos presentados, no nos persuade a confirmar su determinación.

IV

Por los fundamentos expuestos, expedimos el auto de *certiorari* y revocamos la orden emitida por el Tribunal de Primera Instancia el 18 de junio de 2024. En su consecuencia, se mantiene en vigor la *Sentencia* dictada el 7 de noviembre de 2022, y se ordena la continuación de los procedimientos de manera compatible con esta *Sentencia*.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones