ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| ROBERTO ANDÚJAR CENTENO<br><br>Parte Recurrida<br><br>v.<br><br>**MUNICIPIO AUTONOMO DE CAGUAS**<br>Parte Peticionaria<br><br>UNIVERSAL PROPERTIES REALTY GOVERNMENT SERVICES, LLC, XYZ COMPAÑÍAS ASEGURADORAS PERSONAS NATURAL O JURÍDICAS DESCONOCIDAS | KLCE202400728 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Civil Núm.: CG2023CV04018<br><br>Sobre: Incumplimiento de Contrato |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Rodríguez Flores, juez ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 31 de octubre de 2024.

Comparece el Municipio Autónomo de Caguas (Municipio) mediante recurso de *certiorari* incoado el 2 de julio de 2024. Solicita que revoquemos la determinación recogida en la *Minuta Resolución* emitida el 30 de mayo de 2024, y notificada el 3 de junio de 2024, por el Tribunal de Primera Instancia (TPI), Sala Superior de Caguas. Mediante el referido dictamen, el foro primario declaró no ha lugar la moción de desestimación presentada por el Municipio y ordenó la continuación de los procedimientos.

La parte recurrida, señor Roberto Andújar Centeno, presentó su escrito en oposición a la expedición del recurso el 29 de julio de 2024.

Evaluados los escritos y los documentos que obran en el expediente, y a tenor con el derecho aplicable, denegamos expedir el auto de *certiorari*.

**I.**

El 27 de noviembre de 2023, el Sr. Roberto Andújar Centeno (Sr. Andújar Centeno) instó una demanda sobre incumplimiento de contrato en contra del Municipio y Universal Properties Realty Government Services LLC. (Universal Properties). Adujo que esta última era la corporación que, **por delegación del Municipio**, administra lo relativo a la contratación en cuanto a la disposición de las propiedades inmuebles clasificadas como estorbos públicos. En tal virtud, el Sr. Andújar Centeno aseveró que, el 24 de marzo de 2022, suscribió un contrato de compraventa con Universal Properties para adquirir un inmueble declarado estorbo público por el Municipio. Aseguró que pagó a dicha entidad la suma de $29,700.00, por el valor de la propiedad, y $3,300.00 -equivalentes al 10% del valor de tasación- para las costas del procedimiento, incluyendo estudio de título, reembolso al Municipio del costo de tasación, emplazamientos, gastos notariales e inscripción de título en el Registro de la Propiedad. En específico, el Sr. Andújar Centeno indicó que:

> 7. La parte demandante hizo las gestiones en relación con la propiedad declarada como estorbo público ubicada en Caguas con la descripción registral del CRIM 199-054-725-11-001 cuya ubicación física es Bloque BZ3, Residencial Bairoa, Caguas Puerto Rico, número asignado de estorbo público 2021-CE-0728-138794.

> 8. Que a pesar del tiempo transcurrido y las múltiples gestiones que ha hecho el demandante los demandados han mantenido silencio y lo poco que le han dicho es que tendrá que comenzar el procedimiento nuevamente por razones administrativas y que no hay devolución alguna de dinero.

> 9. Que la parte demandada no ha mostrado a la parte demandante ningún trámite relacionado con el contrato suscrito en específico ningún trámite relacionado con la acción judicial necesaria para la expropiación de la

propiedad en cuestión y posterior transferencia de título.[1]

Por último, el Sr. Andújar expresó que lo anterior le ha ocasionado sufrimientos y angustias mentales y económicas, por los cuales solicitó compensación.[2]

Los emplazamientos se expidieron el 4 de diciembre de 2023. El emplazamiento del Municipio se diligenció el 13 de diciembre de 2023, y el de Universal Properties, el 21 de diciembre de 2023.

El 8 de febrero de 2024, el Municipio presentó una *Moción solicitando prórroga para presentar alegación responsiva*. El 12 de febrero de 2024, notificada el 13 de febrero de 2024, el TPI dictó orden concediendo la prórroga solicitada por el Municipio.

En cuanto a Universal Properties, mediante *Resolución* emitida el 22 de febrero de 2024, y notificada el 23 de febrero de 2024, el TPI declaró con lugar la *Moción Solicitando Anotación de Rebeldía y Vista en Rebeldía* presentada por el Sr. Andújar Centeno y le anotó la rebeldía a dicho codemandado.

Así las cosas, el 9 de marzo de 2024, el Municipio presentó una *Moción de Desestimación*, fundamentada en que la demanda deja de exponer hechos que justifiquen la concesión de un remedio en cuanto a dicho codemandado.[3] Expuso que el Sr. Andújar Centeno suscribió el contrato para adquirir la propiedad en cuestión al amparo del Artículo 4.012 del Código Municipal. Según explicó el Municipio, de conformidad con las disposiciones del mencionado artículo, las propiedades incluidas en el inventario de propiedades declaradas como estorbo público primero debían ser objeto de expropiación por el ente municipal, para posteriormente ser transferidas a las personas que estén en disposición de adquirirlas. El Municipio indicó que, el 25 de enero de 2023, había radicado el

---

[1] Apéndice del recurso, págs. 1-3, a la pág. 2.
[2] *Íd.,* págs. 1-3.
[3] *Íd.*, págs. 11-22.

caso número CG2023CV00234, para la expropiación forzosa del inmueble en cuestión, y que dicha acción judicial se encontraba pendiente de la celebración de la vista. Precisó que, una vez dictada la sentencia en el proceso de expropiación y completado el trámite judicial en dicho caso, transferiría el título de propiedad expropiada a nombre del Sr. Andújar Centeno. Como fundamento para solicitar la desestimación, aseveró que el Sr. Andújar Centeno "no puede pretender promover una causa de acción por el mero hecho de que el Tribunal aún no ha dictado la sentencia del caso de expropiación"[4]. Así pues, el Municipio arguyó que, aun tomando como ciertos los hechos alegados en la demanda, e interpretándolos de la forma más favorable para el Sr. Andújar Centeno, éste no adujo una causa de acción que justificara la concesión de un remedio contra el Municipio.

El Sr. Andújar Centeno presentó *Moción en Oposición a Solicitud de Desestimación*. Arguyó que, de conformidad al estándar adjudicativo de una moción instada al amparo de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, una demanda no debe desestimarse a menos que se desprenda con toda certeza que la parte demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo de su reclamación. En esa línea, el Sr. Andújar Centeno sostuvo que las alegaciones de su demanda relatan unos hechos que le han provocado angustias por las cuales el Municipio podría resultar responsable. Por tanto, arguyó que no procedía desestimar la demanda en cuanto a dicho codemandado.

Celebrada una vista argumentativa -en la que las partes expusieron sus respectivos planteamientos en torno a la desestimación solicitada- el 30 de mayo de 2024, el TPI emitió la

---

[4] *Íd.,* pág. 21.

*Minuta Resolución* recurrida. En esta, declaró sin lugar la moción de desestimación y concedió al Municipio un término de veinte (20) días para contestar la demanda.[5] En su dictamen, el TPI hizo constar que las partes habían aludido en sus escritos a documentos que no obraban en el expediente electrónico el Sistema Unificado para el Manejo y Administración de Casos (SUMAC), circunstancia que le impidió acoger la moción de desestimación como una solicitud de sentencia sumaria. La *Minuta Resolución* se notificó el 3 de junio de 2024.

Inconforme, el 2 de julio de 2024, el Municipio incoó el presente recurso, en el que apuntó el siguiente señalamiento de error:

> El Honorable Tribunal de Primera Instancia cometió grave error al no aplicar la doctrina referente a la consideración y adjudicación de una moción de desestimación cuando se plantea que la demanda no aduce hechos que justifiquen la concesión de un remedio indicando que en los escritos de las partes se hace referencia a documentos que no obran en SUMAC.

El 29 de julio de 2024, el Sr. Andújar Centeno compareció mediante un escueto *Escrito en cumplimiento de orden,* en el que se opuso a la expedición del auto sintetizando la postura expresada en su moción en oposición a la solicitud de desestimación.

**II.**

**A.**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de superior jerarquía puede revisar, a su discreción, una decisión interlocutoria de un tribunal inferior.[6]

Ante un recurso de *certiorari* civil, tenemos que evaluar nuestra autoridad para expedir el mismo al amparo de la Regla 52.1

---

[5] El 10 de junio de 2024, el Municipio presentó una *Contestación de Demanda y Demanda contra Coparte. Íd.,* pág. 10.

[6] *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce De León v. AIG,* 205 DPR 163, 174 (2020).

de Procedimiento Civil, 32 LPRA Ap. V.[7] Ésta dispone que, el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente se expedirá por el Tribunal de Apelaciones cuando se recurra de una orden o resolución bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57, o de la denegatoria de una moción de carácter dispositivo.

No obstante, y por excepción a lo dispuesto anteriormente, el foro apelativo podrá expedir el recurso cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos revestidos de interés público o cualquier otra situación, en la que esperar por una apelación constituiría un fracaso irremediable de la justicia. Según dispuesto en la Regla 52.1, *supra*, al denegar la expedición de un recurso de *certiorari*, el Tribunal de Apelaciones no tiene que fundamentar su decisión. *Íd.*

Superado dicho análisis, y aun cuando un asunto esté comprendido dentro de las materias que podemos revisar de conformidad con la Regla 52.1, *supra*, para poder ejercer debidamente nuestra facultad revisora es menester evaluar si, a la luz de los criterios enumerados en la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 40, se justifica nuestra intervención. Estos criterios son:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

---

[7] *Caribbean Orthopedics v. Medshape et al.,* supra.; *Scotiabank v. ZAF Corp.,* 202 DPR 478, 486 (2019).

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

En fin, la Regla 52.1 de Procedimiento Civil, *supra*, enumera en forma taxativa aquellas instancias en las cuales el Tribunal de Apelaciones no acogerá una petición de *certiorari*, mientras que la Regla 40 del Reglamento del Tribunal de Apelaciones guía la discreción de este foro en aquellos asuntos en los que sí se permite entender.[8]

Lo anterior impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro.[9] Por tanto, de no estar presente ninguno de los criterios esbozados, procede abstenernos de expedir el auto solicitado para que continúen sin mayor dilación los procedimientos del caso ante el foro primario.

**B.**

Las *alegaciones* son "los escritos mediante los cuales las partes presentan los hechos en que apoyan o niegan sus reclamaciones o defensas".[10] Su propósito es "notificar a grandes rasgos cuáles son las reclamaciones y defensas de las partes".[11] Por tanto, cualquier alegación mediante la cual una parte solicite un remedio – por ejemplo, una demanda – incluirá una relación sucinta

---

[8] *Torres González v. Zaragosa Meléndez*, 211 DPR 821, 849 (2023).
[9] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).
[10] *Conde Cruz v. Resto Rodríguez et al.*, 205 DPR 1043, 1061 (2020), citando a R. Hernández Colón, *Derecho Procesal Civil*, 6ta ed., San Juan, Ed. LexisNexis, 2017, Sec. 2202, pág. 279.
[11] *Íd.*, pág. 1062.

y sencilla de los hechos que demuestran que procede el remedio solicitado y la solicitud del remedio que se alega debe concederse.[12]

Sin embargo, esta norma tiene sus excepciones. La Regla 7.3 de Procedimiento Civil, *supra*, establece que "a los fines de determinar la suficiencia de una alegación, las aseveraciones de tiempo y lugar son esenciales y recibirán la misma consideración que las demás aseveraciones de carácter esencial". En cuanto a dichas alegaciones, el Tribunal Supremo ha resuelto que su omisión podría conllevar la desestimación de la demanda.[13]

Por su parte, la Regla 10.2 de Procedimiento Civil[14], establece que en la alegación responsiva se expondrá cualquier defensa de hecho o de derecho que se tenga en contra de una reclamación. Sin embargo, la parte contra quien se ha instado la demanda podrá optar por presentar una moción de desestimación en la que alegue cualquiera de las siguientes defensas: (1) falta de jurisdicción sobre la materia, (2) falta de jurisdicción sobre la persona, (3) insuficiencia del emplazamiento, (4) insuficiencia del diligenciamiento del emplazamiento, (5) dejar de exponer una reclamación que justifique la concesión de un remedio, y (6) dejar de acumular una parte indispensable.[15]

A los fines de disponer de una moción de desestimación por el fundamento de que la demanda no expone una reclamación que justifique la concesión de un remedio, los tribunales vienen obligados a tomar como ciertos todos los hechos bien alegados en la demanda y considerarlos de la manera más favorable a la parte demandante.[16] La demanda no deberá ser desestimada a menos que se desprenda con toda certeza que el demandante no tiene derecho

---

[12] Regla 6.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 6.1.
[13] *Álamo v. Supermercado Grande, Inc.*, 158 DPR 93, 104 (2002).
[14] 32 LPRA Ap. V, R. 10.2.
[15] *Íd.*
[16] *Rivera Sanfeliz et al. v. Jta. Dir. FirstBank*, 193 DPR 38, 49 (2015); *Colón Rivera et al. v. ELA*, 189 DPR 1033, 1049 (2013).

a remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo de su reclamación.[17]

Por lo tanto, es necesario considerar si, a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de éste, la demanda es suficiente para constituir una reclamación válida.[18] Tampoco procede la desestimación de una demanda, si la misma es susceptible de ser enmendada.[19]

### III.

Al evaluar la petición de *certiorari,* concluimos que, aun cuando se recurre de la denegatoria de una moción de carácter dispositivo -asunto contemplado en los supuestos sujetos a revisión de la Regla 52.1 de Procedimiento Civil, *supra*- la solicitud del Municipio no cumple con ninguno de los criterios de la Regla 40 del Reglamento de este Tribunal, *supra.*

Al aplicar los criterios de la Regla 10.2 de Procedimiento Civil, *supra,* es decir, al considerar como ciertas las alegaciones e interpretarlas de la manera más favorable para el Sr. Andújar Centeno, coincidimos con el TPI en que no procede desestimar la demanda en esta etapa de los procedimientos. Ello obedece a que, de la lectura de la demanda, no podemos concluir que el Sr. Andújar Centeno carezca de remedio alguno contra el Municipio. **Más aún, cuando el Municipio no ha presentado prueba para demostrar que el contrato suscrito excluyera la posibilidad de que el ente municipal pudiera responder en circunstancias como la de autos.**

Así pues, la actuación del foro recurrido de denegar la moción de desestimación descansó en el ejercicio de su sana discreción y una interpretación favorable de los hechos bien alegados en la

---

[17] *Consejo de Titulares v. Gómez Estremera et al.*, 184 DPR 407, 423 (2012); *Pressure Vessels P.R. v. Empire Gas P.R.,* 137 DPR 497, 505 (1994).
[18] *Pressure Vessels P.R. v. Empire Gas P.R.*, supra, pág. 505.
[19] *Colón v. Lotería,* 167 DPR 625, 649 (2006).

demanda, según requiere el estándar de la Regla 10.2 de Procedimiento Civil, *supra.* El Municipio no presentó argumentos que demuestren que, al emitir su determinación, el TPI actuara de forma arbitraria o caprichosa, o en abuso de su discreción o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho. Tampoco demostró que, al denegar la solicitud de desestimación, el TPI hubiera incurrido en un fracaso de la justicia.

En fin, el examen detenido del expediente apelativo y de los documentos que conforman el apéndice, vistos a la luz de la normativa que nos guía en el ejercicio revisor, nos lleva a concluir que no se configura ninguna circunstancia que justifique expedir el auto discrecional solicitado.

Ante dicho escenario, nos abstenemos de intervenir con el dictamen recurrido.

**IV.**

En virtud de lo antes expuesto, denegamos expedir el auto de *certiorari.*

**Notifíquese.**

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones